# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLENE DZIELAK, SHELLEY BAKER, FRANCIS ANGELONE, BRIAN MAXWELL, JEFFERY MCLENNA, JEFFERY REID, KARI PARSONS, CHARLES BEYER, JONATHAN COHEN, and JENNIFER SCHRAMM on behalf of themselves and all others similarly situated,<br>　　　　Plaintiffs,<br>　　v.<br>WHIRLPOOL CORPORATION, LOWE'S HOME CENTER, SEARS HOLDINGS CORPORATION, THE HOME DEPOT, INC., FRY'S ELECTRONICS, INC., and APPLIANCE RECYCLING CENTERS OF AMERICA, INC.,<br>　　　　Defendants. | : Civil Action No. 12-cv-0089 (KM)(MCA)<br>: Honorable Kevin McNulty, U.S.D.J.<br>: Honorable James B. Clark, U.S.M.J. |

___

**DEFENDANT HOME DEPOT U.S.A., INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**
___

# **TABLE OF CONTENTS**

                                                                                                                           **Page**

INTRODUCTION ................................................................................................1

ARGUMENT .......................................................................................................2

I.      PLAINTIFFS ONLY SEEK TO CERTIFY A LIMITED NUMBER OF CLAIMS AGAINST HOME DEPOT. ..................................3

II.     PLAINTIFFS' CLAIMS DO NOT MEET THE RULE 23 PREDOMINANCE REQUIREMENTS. ........................................................5

        A.    Whether Any Warranty Was Made by Home Depot Presents Individual Questions of Fact That Predominate over Common Questions of Fact. ....................................................................7

        B.    Whether Any Misrepresentations Were Made by Home Depot is an Individual Question of Fact Not Suitable for Class Adjudication. ...........................................................................10

CONCLUSION ..................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amchem Products, Inc. v. Windsor*,
   521 U.S. 591 (1997)..................................................................................6

*Bright v. Asset Acceptance, LLC*,
   292 F.R.D. 190 (D.N.J. 2013).....................................................................9

*Clark v. Prudential Ins. Co. of Am.*,
   289 F.R.D. 144 (D.N.J. 2013)...................................................................12

*Comcast Corp. v. Behrend*,
   133 S. Ct. 1426 (2013)............................................................................1, 2

*Cooper v. Samsung Elecs. Am., Inc.*,
   374 F. App'x 250 (3d Cir. 2010) ................................................................4

*Eastman v. First Data Corp.*,
   292 F.R.D. 181 (D.N.J. 2013).....................................................................9

*Eisenberg v. Gagnon*,
   766 F.2d 770 (3d Cir. 1985) ......................................................................6

*In re Hydrogen Peroxide Antitrust Litigation*,
   552 F.3d 305 (3d Cir. 2008) ............................................................ 6, 7, 12

*Johnston v. HBO Film Mgmt., Inc.*,
   265 F.3d 178 (3d Cir. 2001) ......................................................................9

*In re LifeUSA Holding Inc.*,
   242 F.3d 136 (3d Cir. 2001)  ...............................................................5, 10

*Marcus v. BMW of N. Am., LLC*,
   687 F.3d 583 (3d Cir. 2012) ....................................................................12

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   259 F.3d 154 (3d Cir. 2001)  .....................................................................6

*Szczubelek v. Cendant Mortgage Corp.*,
    215 F.R.D. 107 (D.N.J. 2003)..................................................................................12

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338, 131 S. Ct. 2541 (2011)..................................................................5, 9

**Statutes**

Cal. Bus. & Prof. Code § 17200 *et seq.* ..........................................................................10

Cal. Bus. & Prof. Code § 17500 *et seq.* ..........................................................................10

Cal. Civ. Code § 1770 *et seq.* .........................................................................................10

Cal. Com. Code § 2313 .....................................................................................................8

Cal. Com. Code § 2314 .....................................................................................................8

N.J.S.A. § 56:12–15 ........................................................................................................10

N.J. Stat. Ann. § 12A:2-313 ..............................................................................................8

N.J. Stat. Ann. § 12A:2-314 ..............................................................................................8

N.J. Stat. Ann. § 56:8–1 *et seq*......................................................................................10

Tex. Bus. & Com. Code Ann. § 2.313 ..............................................................................8

Tex. Bus. & Com. Code Ann. § 2.314 ..............................................................................8

Tex. Bus. & Com. Code Ann. § 17.50 ............................................................................10

**Other Authorities**

Fed. R. Civ. P. 23 .....................................................................................................*passim*

Fed. R. Civ. P. 23(a)(2) .....................................................................................................5

Fed. R. Civ. P. 23(b)(3) ..................................................................................................2, 7

2 W. Rubenstein, Newberg on Class Actions § 4:50 (5th ed. 2012) .................................6

iii

Plaintiffs – ten individuals who allegedly purchased Maytag Centennial washing machines – seek to certify a class action against the washing machine manufacturer, Whirlpool Corporation ("Whirlpool"), as well as five retailers who allegedly sold the washing machines – Lowe's Home Center, Sears Holdings Corporation, Home Depot U.S.A., Inc. ("Home Depot"), Fry's Electronics, Inc., and Appliance Centers of America, Inc. (collectively, the "Retailer Defendants"). Noticeably absent from Plaintiffs' Motion for Class Certification, however, is a single shred of evidence or argument for class certification specifically relating to Home Depot.  Plaintiffs' Motion for Class Certification makes clear that their claims for certification are based solely on the Energy Star label – a label Home Depot did not put on the machine or have any involvement with whatsoever. Accordingly, even if Plaintiffs had established a right to pursue their claims as a class, which they have not, Plaintiffs have entirely failed to meet the Rule 23 requirements as to their claims against Home Depot.

## INTRODUCTION

Plaintiffs have failed to carry their burden to show their class claims may be certified against Home Depot.  To pursue their class claims, Plaintiffs must prove "'that there are *in fact* sufficiently numerous parties, common questions of law or fact,' typicality of claims or defenses, and adequacy of representation" under Rule 23(a).  *Comcast Corp. v. Behrend,* 133 S. Ct. 1426, 1432 (2013) (citation

omitted).  They must also meet the far "more demanding" requirements of Rule 23(b)(3).  *Id*.  To do so, Plaintiffs must prove (1) that "questions of law or fact common to class members predominate over any questions affecting only individual members" and (2) that a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  The only mention of Home Depot in their 30-page motion for class certification, however, is in the section identifying which claims are brought by each Plaintiff.  Pls.' Br. in Supp. of Mot. For Class Cert.  ("Mot. For Class Cert."), Doc. No. 169, at 3.  Plaintiffs do not identify a "common fact" that mentions Home Depot.  Plaintiffs do not suggest a common course of conduct by or practice of Home Depot.  Plaintiffs do not identify a single representation or warranty made by Home Depot, much less a common one.  This falls far short of showing that all class members' claims arise from the same practice or course of conduct necessary to certify any claims against Home Depot.

## ARGUMENT

Home Depot relies on, joins, and hereby incorporates fully herein the arguments and authorities set forth in the other Defendants' Opposition To Plaintiffs' Motion For Class Certification, filed May 20, 2016.  In addition to the arguments and authorities set forth in the other Defendants' brief, which are incorporated fully herein by reference, Plaintiffs have failed to demonstrate that

2

their claims against Home Depot meet the Rule 23 standards for class certification. As the other Defendants have pointed out, Plaintiffs have summarily stated four "common facts" to support their class claims of ten plaintiffs in seven states. Plaintiffs entirely fail to explain how their claims involving complex issues of individualized laws and facts can be adjudicated on a class basis against a single retailer who did not sell machines to some Plaintiffs and whose interactions with others varied considerably. They cannot.

## I. PLAINTIFFS ONLY SEEK TO CERTIFY A LIMITED NUMBER OF CLAIMS AGAINST HOME DEPOT.

Plaintiffs are only seeking to certify a class against Home Depot in the three states in which a named Plaintiff purchased a washing machine from Home Depot. Plaintiffs describe the classes they seek to certify as follows:

> All persons in [STATE] who purchased a Maytag Centennial MVWC6ESWW0, MVWC6ESWW1, or MVWC7ESWW0 clothes washer, excluding persons who purchased for purpose of resale.

Mot. for Class Cert. at 4. Under this class definition, Plaintiffs seek to certify only the following Counts against Home Depot in the state of the relevant plaintiff:

| Angelone | New Jersey | Count II (Breach of Express Warranty); Count III (Breach of Implied Warranty); Count IV (Unjust Enrichment); Count V (New Jersey Consumer Fraud Act); Count VI (New Jersey Truth-in-Consumer Act) |
| Christy | California | Count II (Breach of Express Warranty); Count IV (Unjust Enrichment); Count VII (California Consumer Legal Remedies Act); Count VIII (California Unfair Competition Law); Count IX (California False Advertising Law) |

3

| Cohen | Texas | Count II (Breach of Express Warranty); Count III (Breach of Implied Warranty); Count IV (Unjust Enrichment); Count XIV (Texas Deceptive Trade Practices Act) |

As this Court has recognized, because "[a] Plaintiff may bring state law claims only under the law of the state where he or she lived and the alleged injury occurred," June 16, 2014 Opinion, Doc. No. 78 at 29, Plaintiffs may only seek to certify their New Jersey, California and Texas claims against Home Depot, not their claims arising under others states' laws. Nor can any Plaintiff who did not purchase a washing machine from Home Depot bring a claim against it. *See Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 255 (3d Cir. 2010); *see also* June 16, 2014 Opinion, Doc. No. 78 at 29 (cautioning that, "[e]ach claim, moreover, is deemed to be directed against . . . the particular retailer from whom the particular plaintiff purchased his or her washer"). Accordingly, only Plaintiffs Angelone, Christy and Cohen (collectively, the "Home Depot Plaintiffs") can seek certification of their class claims against Home Depot in New Jersey, California, and Texas, respectively. Plaintiffs do not seek certification of Counts XI[1] (Florida Deceptive and Unfair Trade Practices Act), XII (Ohio Consumer Sales Practices Act), or XIII (Indiana Deceptive Consumer Sales Act) against Home Depot.

---

[1] Count I was dismissed by this Court on July 31, 2015. Doc. No. 128. Count X was abandoned when Plaintiff McLenna was voluntarily dismissed from the action on April 17, 2015. Doc. No. 112.

4

## II. EVEN PLAINTIFFS' LIMITED CLAIMS AGAINST HOME DEPOT DO NOT MEET THE RULE 23 PREDOMINANCE REQUIREMENTS.

Even this limited set of claims against Home Depot, however, fails to meet the Rule 23 requirements for class certification. A party seeking class certification must "affirmatively demonstrate [ ] compliance with the Rule," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2551 (2011), and Plaintiffs have failed to meet their burden of showing their class claims against Home Depot comply.

The commonality requirement under Rule 23(a) requires a plaintiff to show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "This does not mean merely that [class members] have all suffered a violation of the same provisions of law." *Dukes*, 131 S. Ct. at 2551. Rather, "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Id*. (citation omitted). To satisfy the commonality prong, a plaintiff must affirmatively show that "'a class[-]wide proceeding'" would "'generate common *answers* apt to drive the resolution of the litigation.'" *Id*. (citation omitted). Plaintiffs have not shown any common questions or answers that relate to Home Depot, and have not even met the Rule 23(a) requirements.[2]

---

[2] Because Plaintiffs allege no common course of conduct by Home Depot, there are no common questions that "will resolve an issue that is central to the validity of each one of [Plaintiffs'] claims in one stroke," as required by *Dukes*, 131 S. Ct. at

5

Nor have Plaintiffs met the Rule 23(b) requirements. The commonality requirement under Rule 23(b)(3), upon which Plaintiffs rely (Mot. for Class Cert. at 17-27), is "'far more demanding' than the commonality requirement of Rule 23(a)" and requires more than the showing of a common claim. *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 310-11 (3d Cir. 2008), as amended (Jan. 16, 2009) (citation omitted). A plaintiff must "demonstrate that the element of [the legal claim] is capable of proof at trial through evidence that is common to the class rather than individual to its members." *Id.* at 311-12. An individual question is one where "'members of a proposed class will need to present evidence that varies from member to member,'" while a common question is one where "'the same evidence will suffice for each member to make a prima facie showing'" or "the issue is 'susceptible to generalized, class-wide proof.'" 2 W. Rubenstein, Newberg on Class Actions § 4:50, pp. 196-97 (5th ed. 2012) (citation omitted); *see also Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 187 (3d Cir. 2001), as amended (Oct. 16, 2001) (individual questions predominated where claims would vary from class member to class member).

---

[2551]. *See also In re LifeUSA Holding Inc.*, 242 F.3d 136, 147 (3d Cir. 2001). (finding no Rule 23(a) commonality where conduct of salespersons was neither uniform nor scripted).

Rule 23(b)(3) further requires that, before a class is certified under that subsection, a district court must find that questions of law or fact common to class members not only exist but "predominate over any questions affecting only individual members." The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Although the mere "presence of individual questions ... does not mean that the common questions of law and fact do not predominate," *Eisenberg v. Gagnon*, 766 F.2d 770, 786 (3d Cir. 1985), "'class certification is unsuitable'" in cases where "'proof of the essential elements of the cause of action requires individual treatment.'" *In re Hydrogen Peroxide*, 552 F.3d at 311 (citation omitted).

Plaintiffs have not presented any evidence or argument that their claims against Home Depot arise from a common practice or course of conduct giving rise to claims of other class members. Accordingly, common questions of fact do not predominate, and no class should be certified against Home Depot.

### A. Whether Any Warranty Was Made by Home Depot Presents Individual Questions of Fact That Predominate over Common Questions of Fact.

Plaintiffs' claims against Home Depot for breach of both express and implied warranties are not suitable for class adjudication because there are no common questions of fact in support of these claims. To prove their claims for

7

breach of express or implied warranty, Plaintiffs will have to demonstrate a warranty made by each Defendant to each class member.[3] Plaintiffs' sole alleged warranty common to the alleged class members is that each machine bore the Energy Star label. Mot. For Class Cert. at 19, 20 (identifying Energy Star label as source of purported express and implied warranties). Plaintiffs do not, however, argue that the Energy Star label was created by Home Depot, affixed to the washing machines by Home Depot, or is in any way connected to Home Depot. Indeed, Plaintiffs argue that the Energy Star label was affixed by Whirlpool and that the larger 3-inch cling label was designed and affixed by Whirlpool. *Id.* at 4-6. Plaintiffs do not in any way attribute the Energy Star label to Home Depot. Because the purported Energy Star label "warranty" is not attributable to Home Depot, Plaintiffs must show not only that some other warranty was made by Home Depot but also that the warranty made by Home Depot to each class member is suitable for common adjudication. Plaintiffs have failed to do so.

Because Plaintiffs fail to identify a warranty allegedly made by Home Depot by any common conduct, adjudicating these claims would require an individual inquiry into the interaction of each customer with the Home Depot sales

---

[3] *See* N.J. Stat. Ann. § 12A:2-313 (express warranty requires affirmation of fact or promise by seller); Tex. Bus. & Com. Code Ann. § 2.313 (same); Cal. Com. Code § 2313 (same); N.J. Stat. Ann. § 12A:2-314 (requiring that products conform to affirmation made on their labels); Tex. Bus. & Com. Code Ann. § 2.314 (same); Cal. Com. Code § 2314 (same).

representatives and whether a warranty was made by that representative. This cannot be achieved on a class-wide basis.[4] *See Dukes*, 131 S. Ct. at 2551 (a question is only "common" within the meaning of Rule 23 if it "is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke"). Instead, resolving whether Home Depot made any warranty to each class member would "require individual factfinding specific to each individual." *Bright v. Asset Acceptance, LLC*, 292 F.R.D. 190, 202 (D.N.J. 2013) (denying class certification where individual questions predominated). This factfinding would necessarily include consideration of discussions between washing machine purchasers and Home Depot employees. While some purchasers may allege they discussed the Energy Star label with a Home Depot employee, *e.g.*, Ex. B, Christy Dep. 30:19-31:4, 35:21-37:4, others may not, *e.g.,* Ex. A, Angelone Dep. 30:8-33:4, Ex. C, Cohen Dep. 27:7-14, 32:17-33:1; 70:1-14. Ultimately, this inquiry would have to be conducted for each class member.

A class cannot proceed where, as here, evidence in support of the claims requires an inquiry into individual conversations class members had with

---

[4] Indeed, not even the three Home Depot Plaintiffs can show a common practice, course of conduct, or interaction with Home Depot or any employee thereof relating to their washing machines. *See* Ex. A, Angelone Dep. 30:8-33:4; Ex. B, Christy Dep. 30:19-31:4, 35:21-37:4. One Home Depot Plaintiff did not even discuss his washing machine purchase with a Home Depot employee. Ex. C, Cohen Dep. 27:7-14, 32:17-33:1; 70:1-14.

9

defendants. *See Johnston v. HBO Film Mgmt., Inc.*, 265 F.3d 178, 190 (3d Cir. 2001) (affirming denial of class certification where the action was based on oral rather than written communication, noting that "it has become well-settled that, as a general rule, an action based substantially on oral rather than written communications is inappropriate for treatment as a class action"); *Eastman v. First Data Corp.*, 292 F.R.D. 181, 189 (D.N.J. 2013) (denying class certification where "[t]estimony from every individual merchant and sales representative would be needed in order to determine whether First Data disclosed certain information"); *In re LifeUSA Holding Inc.*, 242 F.3d at 147 (lack of uniform sales presentation defeated commonality and predominance). Thus, individual issues of Plaintiffs' proposed class would vastly overshadow any common facts relating to Home Depot, and the predominance requirement is not met. The Court should not certify a class which requires this individualized inquiry.

> **B.    Whether Any Misrepresentations Were Made by Home Depot is an Individual Question of Fact Not Suitable for Class Adjudication.**

Plaintiffs' consumer fraud claims suffer from the same fatal defect as their warranty claims, and none are suitable for class treatment. Again, only the consumer fraud claims of New Jersey, Texas, and California are brought against Home Depot. Each of these claims requires Plaintiffs to show a

"misrepresentation" made by Home Depot.[5]  None of Plaintiffs' purportedly "common facts" identify *any* representation made by Home Depot, much less a misrepresentation common to all class members.  Again, the only representation identified by Plaintiffs is the Energy Star label.  Mot. For Class Cert. at 21-27.  And, again, Plaintiffs do not argue that the Energy Star label was made by or is attributable to Home Depot—or any of the Retailer Defendants—in any way.  Plaintiffs, therefore, have not identified any misrepresentation made by Home Depot, much less a misrepresentation common to all class members suitable for class resolution.

Because Plaintiffs have not identified any common misrepresentation made by Home Depot, they would necessarily have to prove their claims for violations of the consumer fraud statutes with individual representations made to each class member, including statements made during their discussions with Home Depot employees.  Thus, the "'proof of the essential elements of the cause of action requires individual treatment'" as to what possible representations were made to

---

[5] N.J. Stat. Ann. § 56:8–1 *et seq.* (prohibiting "unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact"); N.J. Stat. Ann. § 56:12–15 (requiring violation of consumer right); Cal. Civ. Code § 1770 *et seq.* (listing prohibited misrepresentations); Cal. Bus. & Prof. Code § 17200 *et seq.* (prohibiting "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising"); Cal. Bus. & Prof. Code § 17500 *et seq.* (prohibiting "untrue or misleading" statement); Tex. Bus. & Com. Code Ann. § 17.50 (prohibiting "false, misleading, or deceptive act or practice").

11

each class member and whether those representations were misleading or false. *In re Hydrogen Peroxide*, 552 F.3d at 311 (citation omitted). Because these individualized questions relating to alleged misrepresentations overwhelm any possible common issues of facts, class certification should be denied. *See Szczubelek v. Cendant Mortg. Corp.*, 215 F.R.D. 107, 121 (D.N.J. 2003) (denying class certification of NJCFA claim where the fact-finder would have to determine whether oral misrepresentations were made to each particular class member); *Clark v. Prudential Ins. Co. of Am.,* 289 F.R.D. 144, 190 (D.N.J. 2013) (denying class certification of California Unfair Competition Law because "individualized inquiry is a superior and more efficient method for handling the mixed communications" with defendant); *see also Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 607-08 (3d Cir. 2012) (individualized questions of fact on NJCFA claim could "swamp" common issues). Accordingly, Plaintiffs have failed to meet the Rule 23(b)(3) predominance requirements for their claims arising under the consumer protection statutes, and their class against Home Depot should not be certified.

## CONCLUSION

For these reasons and the reasons stated in the other Defendants' contemporaneously filed memorandum of law, Home Depot respectfully requests that the Court deny Plaintiffs' Motion for Class Certification against Home Depot.

Respectfully submitted this 20th day of May, 2016.

                                    */s/ Nicholas Stevens*
                                    Nicholas Stevens
                                    nstevens@starrgern.com
                                    STARR, GERN, DAVISON & RUBIN, P.C.
                                    105 Eisenhower Parkway
                                    Suite 401
                                    Roseland, New Jersey 07068
                                    (973) 403-9200
                                    (973) 226-0031 (facsimile)

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed a true and correct copy of **DEFENDANT HOME DEPOT U.S.A., INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** with the Clerk of the Court using the ECF system, which will send notification of such to all counsel of record.

Dated: May 20, 2016.

*/s/ Nicholas Stevens*
Nicholas Stevens