UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLENE DZIELAK, et al., | Civil Action No. 12-89 (KM) |
| Plaintiffs, | |
| v. | REPORT AND RECOMMENDATION |
| WHIRLPOOL CORPORATION, et al., | |
| Defendants. | |

**CLARK, U.S.M.J.**

**THIS MATTER** comes before the Court on a Motion to Dismiss by Defendant Whirlpool Corporation ("Whirlpool" or "Defendant") pursuant to Federal Rule of Civil Procedure 12(b)(2) [Dkt. No. 294]. The named plaintiffs and class members who do not reside in New Jersey ("Plaintiffs") oppose Whirlpool's motion [Dkt. No. 295]. This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned respectfully recommends that the Court deny Whirlpool's motion to dismiss.

**I.    BACKGROUND[1]**

This action arises from the sale of Maytag washing machines that bore the ENERGY STAR® ("Energy Star") label signifying that they met federal standards of water and electrical efficiency. According to the Amended Complaint, appliances in the Energy Star program exceed the federal minimum efficiency standards and help to save money on utility bills [Am. Compl. ¶ 2, Dkt. No. 86]. As a result, there is allegedly a tremendous demand by consumers for Energy Star qualified appliances. *Id.* ¶ 3. To capitalize on this demand, Plaintiffs allege Whirlpool engaged

---

[1] A full factual background is detailed in the Court's March 17, 2017 opinion on Defendant's motion to strike [Dkt. No. 236]. The factual background contained in this Opinion and Order are relevant to the present motion before the Court [Dkt. No. 294].

1

in a long-term advertising campaign in which Whirlpool utilized various forms of media to promote mislabeled washing machines as Energy Star qualified. *Id.* ¶ 5. Plaintiffs purchased Maytag Centennial models MVWC6ESWWO, MVWC6ESWW1 and MVWC7ESWWO2 (the "Washers"). In May 2012, the U.S. Department of Energy determined that the models did not meet the Energy Star efficiency standards. Based upon these allegations, Plaintiffs instituted this action on January 5, 2012 alleging, *inter alia*, that each class member suffered uniform harm because they all purchased Washers improperly labeled with Energy Star. Additionally, Plaintiffs allege that each purchaser "paid more money in additional water and energy costs to operate his or her Mislabeled Washing Machine than they would have had the appliance actually met the ENERGY STAR® qualification as represented and promised by Whirlpool." *Id.* ¶ 118.

On May 25, 2012, Whirlpool filed a motion to dismiss Plaintiffs' First Amended and Consolidated Complaint under Federal Rule of Civil Procedure 12(b), asserting, *inter alia*, that Plaintiffs failed to state a claim upon which relief can be granted [Dkt. No. 37]. On June 16, 2014, the Court granted in part and denied in part Whirlpool's motion to dismiss [Dkt. No. 78]. After Plaintiffs filed their Second Amended Complaint [Dkt. No. 89], on August 27, 2014, Whirlpool filed another motion to dismiss which was, again, granted in part and denied in part [Dkt. No. 127].

On April 17, 2017, Plaintiffs filed a renewed motion for class certification, which was granted in part and denied in part on December 20, 2017. [Dkt. Nos. 241, 283]. Specifically, the Court certified the class only as to the theory that the price of the washing machines was inflated and only as to defendant Whirlpool. *Id.* The Court declined to certify the class as to the theory that the Plaintiffs paid more in water and energy costs and did not certify the class against the defendant Retailers. *Id.*

On May 23, 2018, Whirlpool filed the instant motion under Federal Rule of Civil Procedure 12(b)(2) alleging, *inter alia*, that this Court lacks personal jurisdiction over the claims of the named plaintiffs and class members who do not reside in New Jersey [Dkt. No. 294]. Whirlpool asserts that this new defense only recently became available after the United States Supreme Court issued a decision in *Bristol Meyers-Squibb v. Superior Court of California*, 137 S. Ct. 1773 (2017) on June 19, 2017.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of an action when the Court does not have personal jurisdiction over a defendant. "Once challenged, the plaintiff bears the burden of establishing personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007)(citing *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)). In deciding a motion to dismiss for lack of personal jurisdiction, the Court must "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992), cert. denied, 506 U.S. 817, 113 S. Ct. 61, 121 L. Ed. 2d 29 (1992).

Nevertheless, a Rule 12(b)(2) defense can be waived. Under Rule 12(h)(1) "every defense listed under Rule 12(b)(2)-(5) is waived if a party fails to either: (i) make it by motion under this rule or (ii) include it in a responsive pleading or in an amendment allowed by Fed. R. 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h)(1). Accordingly, "a personal jurisdiction defense is waived if not included in a preliminary Rule 12 motion or, if no such motion is made, the defense is not included in the defendant's responsive pleading." *T.J. McDermott Transp. Co. v. Cummins, Inc.*, 2018 U.S. Dist. LEXIS 4141, *6, 2018 WL 355139 (D.N.J. January 9, 2018) (citing to Fed. R. Civ. P. 121(h)(1)).

Further, under Rule 12(g)(2), "a party that makes a motion *under this rule* must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2)(emphasis added). However, Rule 12(g) does not preclude the filling of a second Rule 12(b) motion if the defense or objection was not available at the time of the initial filling. *T.J. McDermott Transp. Co*, 2018 U.S. Dist. LEXIS 4141 at *6 (citing *Jewett v. IDT Corp.*, 2008 U.S. Dist. LEXIS 12335 at **6-7 (D.N.J. Feb. 20, 2008)).

### III.   DISCUSSION

Whirlpool concedes that it failed to raise the Rule 12(b)(2) defense in any of its previous motions to dismiss or its opposition to Plaintiffs' motion for class certification.[2] Presently, however, Whirlpool argues that it is not precluded from asserting a Rule 12(b)(2) defense because the specific defense being asserted was not available when Whirlpool filed its previous motions to dismiss in this matter. More specifically, Whirlpool contends that its Rule 12(b)(2) defense only recently became available after the Supreme Court issued a decision in *Bristol-Myers Squibb* on June 17, 2017.

In opposition to Defendant's motion, Plaintiffs contend that Whirlpool waived its Rule 12(b)(2) defense because it did not challenge personal jurisdiction in its original motion to dismiss, nor did it raise personal jurisdiction as an affirmative defense in its answer. *See* Dkt. No. 295 at 10. Consequently, Plaintiffs urge that Whirlpool waived its right to assert the defense. In addition, Plaintiffs argue that Whirlpool's continued participation in this litigation amounts to a legal submission to this Court's jurisdiction. In this regard, Plaintiffs argue that Whirlpool took an active role in this litigation by:

---

[2] Citing to Whirlpool's Brief in Support of Motion to Dismiss under Rule 12(b)(2). Dkt. No. 294 at 11.

4

> (i) filing two motions to dismiss; (ii) serving written discovery requests on the Non-New Jersey Plaintiffs, including document requests and interrogatories; (iii) conducting day-long depositions for each of the Non-New Jersey Plaintiffs; (iv) responding to written discovery and producing documents; (v) partaking in a Rule 30(b)(6) deposition; (vi) opposing Plaintiffs' motion for class certification; (vii) serving four expert reports at the class certification stage; (viii) deposing Plaintiffs' three expert witnesses at the class certification stage; (ix) filing a petition for permission to appeal pursuant to Rule 23(f) challenging the Court's opinion and order certifying the Class; and (x) negotiating the procedures for dissemination of notice to the certified Class, including the forms of notice.

*Id.* at 11. For these reasons, Plaintiffs contend that Whirlpool waived any objection to personal jurisdiction.

It is clear from Rule 12(g) and the pleadings that if Whirlpool's Rule 12(b)(2) defense was "available" at the time of Whirlpool's earlier motions to dismiss, it cannot be asserted now. Rule 12(g) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g). After receiving Plaintiffs' most recent pleading, the Second Amended Consolidated Complaint, Whirlpool chose to respond with a Rule 12(b)(6) motion to dismiss. *See* Dkt. No. 89. A Rule 12(b)(6) motion to dismiss is plainly "a motion under [Rule 12]" that triggers waiver under Rule 12(g). *See Lucent*, No. 04-CV-2315(WHW), 2006 WL 2168789, at *5 (D.N.J. June 20, 2006)(noting that Rule 12(g) "mandates that parties consolidate all their pre-answer motions and file them together"). It follows then that if Whirlpool's personal-jurisdiction argument was "available" when Whirlpool made its motion to dismiss, it has been waived.

Without delving into the substance of the Supreme Court's *Bristol-Myers Squibb* decision, the Court concludes that Whirlpool's personal jurisdiction defense was "available" when it filed its most recent motion to dismiss and is consequently now waived. Whirlpool's contention that its personal jurisdiction defense was unavailable because the Supreme Court only recently issued a decision in *Bristol-Myers Squibb* is unpersuasive. Whirlpool argues that *Bristol-Myers Squibb*

5

forecloses the Court's exercise of specific jurisdiction because "[t]he nonresidents' claims do not 'arise out of or relate to' Whirlpool's New Jersey contacts . . . ." *See* Dkt. No. 294-1 at 8. Although Whirlpool may be technically correct in its assertion, Whirlpool does little to explain how the *Bristol-Myers Squibb* decision represents a fundamental change or departure from decades of U.S. Supreme Court precedent regarding personal jurisdiction. Where, as here, a party filed a Rule 12(b)(2) motion more than six years after the action was instituted, and after previously filing two motions to dismiss, the failure to clearly distinguish *Bristol-Myers Squibb* from previous U.S. Supreme Court cases is particularly damaging to Whirlpool's contention that it was effectively precluded from raising a personal jurisdiction defense.

Nevertheless, even if the Court were to accept Whirlpool's contention that it could not assert its Rule 12(b)(2) defense because it was unavailable, the Court concludes that Whirlpool's motion must be regarded as untimely. *Bristol-Myers Squibb* was issued in June of 2017. Rather than promptly move the Court to consider its new defense, Whirlpool waited nearly a year before filing the present motion. To support its contention that this motion is timely, Whirlpool cites to *Practice Management Support Services Inc. v. Cirque du Soleil Inc.*, 301 F. Supp. 3d 840 (N.D. Ill. 2018); class decertified, 2018 WL 3659349 (N.D. Ill. Aug. 2, 2018). In *Practice Management* the defendant-corporation sought leave to include *Bristol-Myers Squibb* as supplemental authority in support of its opposition to the plaintiff's pending motion to certify class. *Id.* at 846. The defendant-corporation argued that the newly available defense in *Bristol-Myers Squibb* prevented the Court "from exercising personal jurisdiction over non-Illinois-resident class members." *Id.* In allowing the defendant-corporation to supplement its opposition papers, the district court explained that the defendant-corporation raised its "personal jurisdiction defense in a motion that

timely followed the Supreme Court's decision *in Bristol-Myers* making that defense available to them." *Id*. at 862, 863.

Here, Whirlpool did not raise its personal jurisdiction defense in the same timely fashion as the defendant-corporation in *Practice Management*. Similar to *Practice Management*, there was a motion to certify pending in this matter when the *Bristol-Myers Squibb* decision was rendered. Rather than promptly move the Court to supplement its opposition papers to the motion to certify class like the defendant-corporation in *Practice Management*, Whirlpool waited nearly a year before it filed the present motion to assert its lack of personal jurisdiction defense. Even assuming that Whirlpool's defense only became available after the *Bristol-Myers Squibb* decision was rendered, the Court cannot simply ignore Whirlpool's undue delay in raising its defense.

### III.  CONCLUSION

Based on the foregoing, and for good cause shown;

**IT IS** on this 21th day of December 2018,

**RECOMMENDED** that Whirlpool's motion to dismiss [Dkt. No. 294] be **DENIED**; and it is

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. The Clerk of Court is directed to serve the parties with electronic notice upon filing this Report and Recommendation.

s/James B. Clark, III  
**HONORABLE JAMES B. CLARK, III**  
**UNITED STATES MAGISTRATE JUDGE**