UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLENE DZIELAK, SHELLEY BAKER, FRANCIS ANGELONE, BRIAN MAXWELL, JEFFERY REID, KARI PARSONS, CHARLES BEYER, JONATHAN COHEN, JENNIFER SCHRAMM, AND ASPASIA CHRISTY, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>WHIRLPOOL CORPORATION, LOWE'S HOME CENTERS, LLC, SEARS HOLDINGS CORPORATION, THE HOME DEPOT (U.S.A.), INC., and FRY'S ELECTRONICS, INC.,<br><br>    Defendants. | Civ. No. 12-00089-KM-JBC<br><br>**MEMORANDUM & ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

      This is a class action against the manufacturer (Whirlpool Corporation) and retailers (Lowe's Home Centers, LLC, Sears Holding Corporation, Fry's Electronics, Inc., and The Home Depot, Inc.) of washing machines. I previously granted summary judgment in favor of Defendants and denied Plaintiffs' motion for reconsideration. *Dzielak v. Whirlpool Corp.*, Civ. No. 12-89, 2019 WL 6607220 (D.N.J. Dec. 5, 2019), *reconsideration denied*, 2020 WL 3989648 (July 15, 2020). Plaintiffs and Whirlpool appealed. *Id., appeal docketed*, Nos. 20-2551, 20-2661 (3d Cir. Aug. 14, 2020). (DE 374, 380.) Home Depot, Whirlpool, Lowe's, and Fry's, have all moved to tax costs against Plaintiffs. (DE 385, 387.) Plaintiffs have filed an opposition, arguing that (1) Home Depot's motion is untimely, (2) the Court should defer consideration until the appeals are resolved, and (3) the costs sought are not taxable. (DE 388.)

Federal Rule of Civil Procedure 54 provides that costs should be awarded to the prevailing party in a civil action. Fed. R. Civ. P. 54(d)(1). Local Civil Rule 54.1(a) further provides that "[w]ithin 30 days after the entry of a judgment allowing costs, or within 30 days of the filing of an order dispositive of the last of any timely-filed post-trial motions," the prevailing party must file a notice of motion and bill of costs. Home Depot filed a notice of motion and bill 30 days following my order denying reconsideration. (DE 382.) Home Depot's motion was thus timely. To make their timeliness argument, Plaintiffs rely on a corrected motion that was filed four days after the original motion. (DE 387.) But Home Depot filed that motion because the Clerk alerted Home Depot to a deficiency in the original motion and allowed Home Depot one week to correct the deficiency. (DE 384.) I will consider Home Depot's motion timely.

More meritorious is Plaintiff's argument for deferred consideration. "[R]equests for a stay, such as this, are commonplace and the courts have handled them in various ways." *Care One Mgmt., LLC v. United Healthcare Workers E., SEIU 1199*, Civ. No. 12-6371, 2020 WL 3482134, at *4 (D.N.J. June 26, 2020). One way is to "administratively terminate[] taxation motions without prejudice to renewal post-appeal." *Id.* I will do so here because (1) I have already deferred consideration of motions for nontaxable costs and attorney fees (DE 386); (2) Defendants' entitlement to costs will ultimately depend on whether the Third Circuit affirms or reverses my judgment in their favor, 10 Charles Alan Wright et al., *Federal Practice and Procedure* § 2668 (4th ed. 2020) ("When a judgment is reversed or substantially modified on appeal, the taxation of costs automatically is vacated."); and (3) I have discretion in the handling of motions for costs, *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 458 (3d Cir. 2000).

Accordingly,

**IT IS** this 6th day of January, 2021

**ORDERED** that the motions to tax costs (DE 385, 387) are **ADMINISTRATIVELY TERMINATED,** without prejudice to renewal if and as

appropriate. The deadline provided by Local Civil Rule 54.1 is hereby extended pending resolution of the appeals. Any motion for costs must be filed within 30 days after issuance of a mandate by the Court of Appeals or the appeal is otherwise dismissed or resolved.

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**